1
2
3
4
5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9 Virgil E. Holt,           )   No. CV 1-06-1719-DCB
                                 )

10        Plaintiff,       )   **ORDER**
                                 )

11 vs.                      )
                                 )

12 A.K. Scribner, et al.,     )
                                 )

13        Defendants.     )

14

15      Plaintiff Virgil E. Holt, who is confined in the California Correctional Institution in

16 Tehachapi, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.

17 On October 30, 2008, the Court dismissed the Complaint with leave to amend. Plaintiff filed

18 a First Amended Complaint, which the Court also dismissed with leave to amend. On

19 February 20, 2009, Plaintiff filed a Second Amended Complaint (Doc. #27). The Court will

20 order Defendants Hadsadsri, Kim, Abromowitz, Dang, and Thirakomen to answer Counts

21 Four, Six, Nine, Ten, Eleven, and Fourteen of the Second Amended Complaint and will

22 dismiss the remaining claims and Defendants without prejudice.

23 **I.    Statutory Screening of Prisoner Complaints**

24      The Court is required to screen complaints brought by prisoners seeking relief against

25 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

26 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

27 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

28

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    Second Amended Complaint

Plaintiff names the following Defendants, who were employed at the California State Prison-Corcoran, in the Second Amended Complaint: Warden A.K. Scribner; Dr. J. Dang; Dr. Clive Greaves; Dr. Hadsadsri; Dr. J. Kim; Chief Medical Officer Dr. John D. Klarich; Dr. Mies; Dr. J. Abromowitz; Dr. K. Thirakomen; and Does 1–5.

Plaintiff raises 15 claims for relief:[1]

(1)    Defendant Mies was deliberately indifferent to Plaintiff's serious medical needs when he failed to ensure that Plaintiff received prescribed treatment and Defendant Nurse Doe 1 was deliberately indifferent when he or she failed to deliver the prescribed treatment order to the prison pharmacy and, instead, threw it in the trash;

(2)    Defendant Dang was deliberately indifferent when he ordered lab tests for Plaintiff but refused to provide immediate treatment for Plaintiff's previously diagnosed pneumonia and informed Plaintiff that he had forgotten to write a lab order for tests to determine appropriate treatment;

(3)    Defendant Dang was deliberately indifferent when he diagnosed Plaintiff with bronchitis but refused to prescribe treatment and stated "it will go away on its own";

(4)    Defendant Hadsadsri was deliberately indifferent when, after Plaintiff informed him of Plaintiff's previously diagnosed medical conditions including pneumonia, bronchitis and hepatitis A, Defendant Hadsadsri taunted Plaintiff and refused to provide treatment for any of the conditions;

---

[1]Plaintiff has not numbered his claims.  The Court will therefore refer to the claims based on the order that they appear in the Second Amended Complaint.  For those claims to which the Court will require an answer, the Court will also identify the claims by the page number on which they begin.

(5)    Defendant Greaves was deliberately indifferent when he failed to ensure that Plaintiff received the lab test and prescription medications that Defendant Greaves ordered and Defendant Doe 3 failed to deliver Defendant Greaves' medical orders to the prison pharmacy;

(6)    Defendant Kim was deliberately indifferent when he refused to investigate Plaintiff's illnesses or provide treatment even though he was aware that Plaintiff was experiencing symptoms of an autoimmune disorder;

(7)    Defendants Mies, Dang, Hadsadsri, Greaves, and Kim refused to provide treatment for Plaintiff's multiple medical conditions;

(8)    Defendant Klarich failed to respond to Plaintiff's letter complaining about his medical treatment;

(9)    Defendant Abromowitz was deliberately indifferent when he diagnosed Plaintiff with herpes, but failed to provide treatment;

(10)   Defendant Abromowitz was deliberately indifferent when, although he was aware of Plaintiff's diagnosed auto-immune disorder, he refused to provide treatment;

(11)   Defendant Dang was deliberately indifferent when, after Plaintiff was diagnosed with mild lupis by a rheumatology specialist, he refused to provide Plaintiff with treatment for lupis;

(12)   Defendant Scribner was deliberately indifferent when he failed to respond to Plaintiff's complaints about medical treatment;

(13)   Defendant Klarich was deliberately indifferent when he failed to respond to Plaintiff's September 2004 complaints concerning Plaintiff's medical care;

(14)   Defendant Thirakomen was deliberately indifferent when, with knowledge of Plaintiff's medical history and previously diagnosed conditions, he refused to conduct further investigation or prescribe treatment; and

(15)   Defendant Scribner was deliberately indifferent when, in 2005, he failed to respond to Plaintiff's complaints regarding medical care.

Plaintiff seeks declaratory and injunctive relief and money damages.

**III.    Failure to State a Claim**

    **A.    Medical Claims**

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096. A difference in medical opinion also does not amount to deliberate indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health. Id.

    **1.    Count One**

In Count One, Plaintiff claims that Defendant Mies diagnosed Plaintiff with pneumonia, prescribed an antibiotic as treatment, and then gave the prescription to Defendant Nurse Doe 1 to give to the prison pharmacy. Plaintiff alleges that Defendant Mies never

verified that Nurse Doe 1 delivered the prescription or ensured that Plaintiff received the prescription. Plaintiff claims he never received the prescribed treatment and his condition worsened.

Plaintiff's allegations are insufficient to state a claim against Defendant Mies because they do not demonstrate that Defendant Mies was deliberately indifferent to Plaintiff's medical needs. Plaintiff's facts may demonstrate, at most, that Defendant Mies was negligent in providing treatment. Negligence is not sufficient to state an Eighth Amendment claim and Count One will be dismissed with respect to Defendant Mies.

### 2. Count Two

In Count Two, Plaintiff claims that Defendant Dang examined Plaintiff, informed Plaintiff that he would order lab tests, but refused to provide treatment for Plaintiff's previously diagnosed pneumonia. Plaintiff also states that "Dr. Dang informed Plaintiff that he had forgotten to write the lab order to have a culture and gram strain test performed on the infectious green mass, that plaintiff had been coughing up, so that a treatment could be provided. He then wrote a lab order and handed it to Defendant Nurse Does 2 . . . ." Finally, Plaintiff claims that Defendant Nurse Doe 2 failed to deliver the lab test order.

As with Count One, Plaintiff's allegations do not demonstrate deliberate indifference. Plaintiff alleges that he was examined by Dr. Dang and that Dr. Dang ordered lab tests before providing treatment. That Dr. Dang initially failed to order a specific lab test, or that he neglected to ensure Plaintiff received the test after it was ordered, suggests mere negligence and not deliberate indifference. Similarly, Defendant Nurse Doe 2's failure to deliver the lab test order only rises to the level of negligence. Plaintiff's allegations in Count Two fail to state an Eighth Amendment claim and Count Two will be dismissed.

### 3. Count Three

In Count Three, Plaintiff alleges that Defendant Dang diagnosed Plaintiff with bronchitis, but refused to provide Plaintiff with medication, telling Plaintiff that "it will go away on it[]s own." Plaintiff has alleged only a difference of opinion in treatment. A difference in medical opinion does not amount to deliberate indifference. <u>Toguchi</u>, 391 F.3d

at 1058.  To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health.  Id.  Plaintiff has not shown that Defendant Dang's chosen course of treatment was medically unacceptable under the circumstances.  Count Three will be dismissed for failure to state a claim.

### 4.    Count Five

In Count Five, Plaintiff claims that he informed Defendant Greaves of his medical conditions and that Defendant Greaves examined Plaintiff and wrote an order for lab tests and a prescription for medication for Plaintiff.  Plaintiff claims that Defendant Greaves gave the order to Defendant Nurse Doe 3 who failed to deliver the order.  Plaintiff claims that Defendant Greaves failed to ensure that the lab tests were performed or that Plaintiff received the prescription medication.  Again, these allegations are demonstrate only negligence and are insufficient to state an Eighth Amendment claim.  Count Five will be dismissed for failure to state a claim.

### 5.    Count Seven

In Count Seven, Plaintiff alleges that Defendants Mies, Dang, Hadsadsri, Greaves, Kim, and Nurse Does 1-3 failed to provide treatment for Plaintiff's serious medical needs. Count Seven simply repeats claims made by Plaintiff in Counts One through Six and will therefore be dismissed as duplicative.

### 6.    Counts Eight, Twelve, Thirteen, and Fifteen

In Counts Eight, Twelve, Thirteen, and Fifteen, Plaintiff claims that Defendants Klarich and Scribner failed to respond to Plaintiff's various inmate letters and grievances regarding his medical conditions and treatment.

Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  Accordingly, the

Court will dismiss Counts Eight, Twelve, Thirteen, and Fifteen for failure to state a claim.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a claim in Counts One (with respect to Defendant Nurse Doe 1) (Second Amend. Compl. at 8), Four (id. at 14), Six (id. at 18), Nine (id. at 22), Ten (id. at 23), Eleven (id. at 26), and Fourteen (id. at 30).  The Court will require Defendants Hadsadsri, Kim, Abromowitz, Dang, and Thirakomen to answer those claims.

Although Plaintiff has alleged his claim with enough specificity to require an answer against Defendant Nurse Doe 1, the Court will not direct that service be made on the Doe Defendant at this time.  Generally, the use of anonymous appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unidentified defendant.  However, the Court will not dismiss the claim against the Defendant Nurse Doe 1 at this time.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of this Defendant, Plaintiff should amend his Complaint to name him or her.  Plaintiff may amend his Complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  After any Defendant has filed an answer or other responsive pleading, however, Plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint.[2]

Plaintiff should note that the Court will *only* allow amendment of the Complaint to name Defendant Nurse Doe 1.  Because Plaintiff has had two opportunities to amend his

---

[2]Plaintiff should note that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

claims and because of the age of this case, the Court will not allow any further amendment of Plaintiff's claims.

## V.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Count One with respect to Defendant Mies, and Counts Two, Three, Five, Seven, Eight, Twelve, Thirteen, and Fifteen and Defendants Mies, Greaves, Klarich, Scribner, and Does 2-5 are **dismissed** without prejudice.

(2)    Defendants Hadsadsri, Kim, Abromowitz, Dang, and Thirakomen must answer Counts Four, Six, Nine, Ten, Eleven, and Fourteen of the Second Amended Complaint.

(3)    The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #27), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendant Hadsadsri, Kim, Abromowitz, Dang, and Thirakomen.

(4)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and

return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)    Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6)    **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 31st day of March, 2009.

David C. Bury
United States District Judge