IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virgil E. Holt,<br><br>       Plaintiff,<br>vs.<br><br>A. K. Scribner, et al.,<br><br>       Defendants. | CV-1-06-1719-DCB  P<br><br>**ORDER** |

Defendants have filed a Motion for Summary Judgment seeking to dismiss this action.

Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of defendants without trial.  See Rule 56(b). Defendant(s)' motion will set forth the facts which defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law.  See Rule 56(c).

Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion, plaintiff must show proof of his or her claims.  Plaintiff may agree with the facts set forth in defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter of law.  Plaintiff may show defendant(s)' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters

1 stated and <u>if</u> plaintiff calls to the court's attention those parts of the complaint upon which
2 plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[1] setting forth
3 the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit
4 or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely
5 upon written records but plaintiff must prove that the records are what plaintiff claims they
6 are[2]; (4) Plaintiff may also rely upon all or any part of the transcript of one or more
7 depositions, answers to interrogatories, or admissions obtained in this proceeding. Should
8 plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence,
9 defendants' evidence will be taken as truth, and final judgment may be entered without a full
10 trial. See Rule 56(e).

11 If there is some good reason why such facts are not available to plaintiff when
12 required to oppose such a motion, the court will consider a request to postpone considering
13 defendant(s)' motion. See Rule 56(f). If plaintiff does not serve and file a request to
14 postpone consideration of defendant(s)' motion or written opposition to the motion, the court
15 may consider plaintiff's failure to act as a waiver of opposition to defendant(s)' motion.
16 Plaintiff's waiver of opposition to defendant(s)' motion may result in the entry of summary
17 judgment against plaintiff.

18 A motion supported by affidavits or declarations that are unsigned will be stricken.
19 The failure of any party to comply with this order, the Federal Rules of Civil
20 Procedure, or the Local Rules of Court, may result in the imposition of sanctions including,
21 but not limited to, dismissal of the action or entry of default.

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. See Rule 56(e).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Rule 56(e).

1   You must timely respond to all motions. The Court may, in its discretion, treat your
2  failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting
3  of that Motion without further notice, and judgment may be entered dismissing this action
4  with prejudice. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

5  **IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion for
6  Summary Judgment, together with a separate Statement of Facts and supporting affidavits
7  or other appropriate exhibits, no later than **May 6, 2011.**

8  **IT IS FURTHER ORDERED** that Defendants may file a reply within 30 days after
9  service of Plaintiff's response.

10  **IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be
11  deemed ready for decision without oral argument on the day following the date set for filing
12  a reply unless otherwise ordered by the Court.

13  DATED this 1st day of March, 2011.

David C. Bury
United States District Judge